UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| LAVONNE WEISER, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 0:10-CV-086-HRW |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| FRED CASTLE, Sergeant, ET AL., | ) | and |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the *pro se*, *ex parte* motion filed by Plaintiff Teddy Dion Lacey ("Lacey") styled "Motion for Emergency Hearing" that was filed on January 10, 2011 [Dkt. 5]. In this motion, Lacey requests injunctive relief. Specifically, Lacey requests this Court to order the Greenup Circuit Court to postpone entry of final judgment in a criminal case pending on its docket that is scheduled for sentencing on January 20, 2011.[1]

Plaintiff Lacey's motion to proceed *in forma pauperis* having been granted [Dkt. 6], this matter is also before the Court for initial screening.[2] 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). In considering this matter, the Court

---

[1] Lacey does not provide this Court with any particulars concerning the criminal case in Greenup Circuit Court, such as the case number, the identity of the parties, and the charges contained therein; however, the Court presumes that this criminal case concerns either Lacey or plaintiff Lavonne Weiser, or both, and that a sentencing hearing (for either one or both of them) is scheduled for January 20, 2011.

[2] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

notes that this action actually concerns two, separate complaints that have been assigned the same case number. One complaint, apparently prepared by plaintiff Lacey and signed by him on August 9, 2010, is styled "Teddy D. Lacey v. Fred Castle, Greenup Det. Center, Greenup County." The other complaint submitted by plaintiff Lavonne Weiser ("Weiser") appears to be, in part, a copy of Lacey's complaint, with handwritten additions made thereon by Weiser.[3] The Weiser complaint is signed by Lavonne Weiser and dated August 9, 2010. While each complaint names the same defendants, Fred Castle, Greenup County Detention Center, and Greenup County, the complaints are not identical, and each requests a different type of relief. Consequently, the two complaints will be examined separately.

**A.     The Lacey complaint**

In his complaint, Plaintiff Teddy D. Lacey ("Lacey") describes himself as a pretrial detainee in the Greenup County Detention Center and states on August 1, 2010, Sgt. Fred Castle, presumably a jail official, pushed him into a wall and out of his cell and down the hall, resulting in injuries to his face and shoulder. Lacey claims that he was put "in the hole" and was denied medical treatment for his injuries. Lacey also states that he fears that Sgt. Castle's wife, Marisa, presumably also a jail official, may retaliate against his wife. Lacey complaint, pages 2-3 [R. 2]. Lacey states that there is a grievance policy at the Greenup County Corrections Center and that on August 2, 2010, he filed a grievance with the jailer concerning this matter, but that it was "torn up in my face and I was threatened with the hole

---

[3] The handwritten portions of Weiser's complaint are written in blue ink, whereas the Lacey complaint is written in black ink.

2

if I didn't let it go." *Id*. at 5. Lacey states that he did not pursue this matter further by filing a grievance or an appeal with the Kentucky Department of Corrections, *id.* at 5-6, and took no further action until the filing of this Complaint.

As to the relief requested in his complaint, Lacey states: "I want Sgt. Fred Castle prosecuted to the limit of the law for assaulting me and I'm seeking damages." *Id*. at 8.

**B.     The Weiser complaint**

Page 1 of the Weiser complaint is an identical copy of page 1 of the Lacey complaint, except that the name "Lavonne Weiser" has been handwritten above "Teddy Dion Lacey" in the "plaintiff" section of the form complaint. Thus, the Weiser complaint appears to contain two named plaintiffs: Lavonne Weiser and Teddy D. Lacey.

Page 2 of the Weiser complaint contains her Statement of Claim, wherein she states: "Several guards have called me nigger lover. They hate my husband." Weiser Complaint, page 2 [R. 2]. Weiser does not state when these events happened other than to say that they happened "from the time my husband arrived here." *Id.* at 3. Weiser states that although there is a grievance/appeal policy at the jail, she did not file a grievance concerning this matter because "[t]hat doesn't work here for these reasons." *Id.* at 5-6. Instead of filing a grievance, Weiser states that she "let her husband handle it." *Id.* at 6. As to the relief requested in her complaint, Weiser states: "I want them prosecuted and me and my husband moved to another jail other than Boyd where they have friends at." *Id*. at 8.

**Analysis**

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C.§ 1997e to make exhaustion of administrative remedies mandatory for prisoners. The statute provides as follows:

> No action shall be brought with respect to prison conditions under 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Therefore, a prisoner-plaintiff must first exhaust the available administrative remedies prior to bringing a prison conditions action in a District Court. 42 U.S.C. § 1997e(a). Shortly after the effective date of the statute, April 26, 1996, the Sixth Circuit held that the language of section 1997e expressly requires exhaustion of administrative remedies before bringing a civil action or appeal. *Wright v. Morris*, 111 F.3d 414 (6th Cir.1997), *cert. den.*, 552 U.S. 906 (1997). Subsequently, the United States Supreme Court has also confirmed that the statute requires exhaustion of remedies. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, (2002). In *Porter*, the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. *Id.* at 525.

Additionally, the Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, (2006) that the PLRA requires not only the exhaustion of the available administrative remedy process, but also the *proper* exhaustion of the administrative remedy process. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id*. at 93. In *Woodford*, *supra,* the Supreme Court discussed the purposes of exhaustion, as stated in its earlier opinions, and stressed that the benefits of exhaustion "can be realized only if the

prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have an opportunity unless the grievant complies with the system's critical procedural rules." *Id*. at 95. *See also Masters v. Dewalt*, No. 06-CV-341-KSF, 2006 WL 3004019, at *2 (E.D. Ky. 2006) (unpublished) ("the exhaustion requirement requires the prisoner to complete, not merely initiate, the grievance process prior to filing").

Plaintiff Lacey states that he attempted to file a grievance with the jail and that his grievance was "torn up" in his face, presumably by a jail official. Lacey acknowledges that he did not pursue this matter by filing a grievance or appeal with the Kentucky Department of Corrections. Plaintiff Weiser states that she did not attempt to file a grievance and instead, opted to let her husband handle it.

The failure of both plaintiffs to fully and properly exhaust their administrative remedies denies the jail and/or the Kentucky Department of Corrections an opportunity to properly address the grievance and denies the Court of a proper administrative record, setting forth a proper finding of facts. 42 U.S.C. § 1997e(a) requires a prisoner challenging conditions, pursuant to 42 U.S.C. § 1983, or other federal law to properly exhaust all available administrative remedies prior to filing suit in federal court. *Porter v. Nussle*, at 532; *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir.1999).

Concerning futility, the Supreme Court has closed the door on any arguments of futility, stating: "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner,* 532 U.S. at 739. *See also Richards v. United States*, 07-CV-73-HRW, 2007 WL 2965074 (E.D. Ky. 2007)

("While there exists a 'futility exception' to the judicially-created exhaustion requirement for habeas corpus petitions, the Supreme Court expressly rejected the existence of such an exception for civil rights actions subject to the PLRA years ago."); *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir.1998) ("[T]here is no longer discretion to waive the exhaustion requirement and the courts cannot simply waive those requirements where they determine they are futile or inadequate."); *Nyhuis v. Reno*, 204 F.3d 65, 71 (3rdCir. 2000) (We are of the opinion that section 1997e(a), as amended by the PLRA, completely precludes a futility exception to its mandatory exhaustion requirement.)

Consequently, the Court concludes that because plaintiffs have failed to properly pursue and exhaust their administrative remedies prior to filing this action, 42 U.S.C. § 1997e(a) mandates the dismissal without prejudice of both of their complaints. With the dismissal of this action, plaintiff Lacey's "Motion for Emergency Hearing" will also be denied, as the court is without jurisdiction to hear said motion in the absence of a properly filed complaint.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. This action is **DISMISSED**, *sua sponte*, without prejudice to plaintiffs' right to refile upon exhaustion of their administrative remedies.

2. Plaintiff Lacey's "Motion for Emergency Hearing" [Dkt. 5] is **DENIED**.

3. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

4. This is a **FINAL** and **APPEALABLE** Order.

This January 26, 2011.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge